**Jo N. WILDMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 92–775 C.

United States Court of Federal Claims.

June 4, 1993.

John Wickham, Centreville, VA, for plaintiff.

Hillary A. Stern, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

HODGES, Judge.

Plaintiff appeals a decision of the Board for Correction of Naval Records (Board) denying her compensation for alleged gender discrimination. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, and plaintiff filed a cross-motion for summary judgment. We grant defendant's motion to dismiss.

## FACTS

Plaintiff Jo N. Wildman enlisted in the United States Navy in 1983 for a four-year term. Her contract guaranteed assignment to Fire Control Technician "A" school at the advanced pay grade of E-3. The Fire Control rate was a highly skilled and technical one involving the maintenance and repair of the "Close–In Weapons System." The Navy promoted plaintiff to the pay grade of E-6 and extended her enlistment for two years. Prior to the end of her six-year enlistment, plaintiff sought to reenlist as a Fire Controlman.

The Navy responded that the Fire Controlman position was a combat rating, closed to women, and that she must convert to another rating at the end of her term. The available alternative ratings were lower and less critical, and Navy regulations prohibited conversions to lower ratings because "advancement was stagnated." Plaintiff requested that the Navy waive the Fire Control restriction in her case, but the Navy declined. The anomalous result of the Navy's decision was that plaintiff must convert to a lower rating, which would have violated Navy regulations, or leave the Navy.

Plaintiff chose not to reenlist, and she received an honorable discharge in 1989. The day after her discharge, plaintiff submitted a complete enlistment application package to the Coast Guard. She joined the Coast Guard 30 days later.

Plaintiff sought relief from the Board, arguing that she had been denied her fifth amendment right to equal protection. She requested damages in the amount of $25,237.81 for the loss of a reenlistment bonus and for the one-month delay between Navy and Coast Guard duty. The Board ruled that no service member is guaranteed a perpetual right to reenlist in the same rating, and denied plaintiff's request. Plaintiff appeals to this court.

## DISCUSSION

Plaintiff brings her suit in this court under the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1982). She relies on 42 U.S.C. § 1985 as the money-mandating statutory authority to recover damages against the United States. *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

Title 42 U.S.C. § 1985 provides for damages to persons who are deprived of their civil rights. We do not have jurisdiction over civil rights claims. *Anderson v. United States*, 22 Cl.Ct. 178, 179 n. 2 (1990), *aff'd*, 937 F.2d 623 (Fed.Cir.1991) (Table). *Rogers v. United States*, 14 Cl.Ct. 39, 50 (1987). Plaintiff believes that she is precluded from suing in federal district court because her claim exceeds $10,000. The Little Tucker Act, 28 U.S.C. § 1346, gives concurrent jurisdiction to the district courts for civil claims against the United States not exceeding $10,000.

Ms. Wildman cites several cases in which plaintiffs were required to transfer their cases from district courts to the Court of Federal Claims because the damages sought exceeded $10,000. In *Mitchell v. United States*, 930 F.2d 893, 894 n. 2 (Fed.Cir.1991), the court noted that plaintiff's claim over $10,000 invoked Claims Court jurisdiction. Civil rights violations were not alleged in that case, however. In *Cook v. Arentzen*, 582 F.2d 870, 873 (4th Cir. 1978), plaintiff sought reinstatement, backpay and damages after being separated from the Navy under a pregnancy regulation. Although she claimed the regulation was unconstitutional, her basis for a suit under the Tucker Act was to recover backpay and other allowances for which this

court clearly has jurisdiction. In *Clark v. Goode,* 499 F.2d 130 (4th Cir.1974), a former Coast Guard employee brought suit charging racial discrimination, and the court declined to adjudicate the claim because it exceeded $10,000.

These cases hold that a plaintiff may not bring a civil suit under the Little Tucker Act against the United States in federal district court if that claim exceeds $10,000. They do not address jurisdiction of the Court of Federal Claims in civil rights actions, and they are not inconsistent with cases holding that this court has no such jurisdiction.

## CONCLUSION

The Navy presumed to determine that Ms. Wildman's choice of career was not in her best interest, then gave her an option which violated its own regulations. What we may think of this attitude toward a person who would serve her country in a sensitive and important position is not the issue. The issue is whether defendant violated the law as the issue is framed by plaintiff's complaint. We cannot rule that it did.

For the reasons stated, defendant's motion to dismiss is GRANTED and plaintiff's cross-motion for summary judgment is DENIED. No costs.