Debra Lea **MCSHEFFREY, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

**No. 02–1514.**

United States Court of Federal Claims.

Aug. 7, 2003.

Debra Lea McSheffrey, Ocala, FL, pro se.

Michael Francis Kiely, United States Postal Service, Commercial and Appellate Litigation Law Department, Washington, DC, for Defendant.

## OPINION AND ORDER

HEWITT, Judge.

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff seeks a judgment against defendant in the amount of $70,984.30 plus interest. Amended Complaint (Am.Compl.) ¶ II. Plaintiff requests the court to rule the termination of United States Postal Service (Postal Service or USPS) Contract No. HCR 18660 to be a "Termination for Convenience," thereby entitling her to relief in the form of "funds suspended by [USPS]," "liquidated damages," and "compensatory damages." *Id.* ¶¶ II.1–II.3.

### I. Background [1]

Plaintiff was awarded Contract No. HCR 18660 (the Contract) on January 8, 1996, for the transportation of Express Mail between Wilkes–Barre, Pennsylvania Processing and Distribution Facility (P & DF) and the Philadelphia, Pennsylvania Airport Mail Center (AMC). Defendant's Motion to Dismiss (Def.'s Mot.) at 2; Exhibit to Defendant's Motion to Dismiss (Def.'s Ex.) 1 ¶ 1 (*McSheffrey*, PSBCA No. 4061, 1998 PSBCA LEXIS 16, 98–2 B.C.A. (CCH) ¶ 29,826, 1998 WL 320278 (June 18, 1998)). The Contract contained Basic Surface Transportation Services Contract General Provisions, Postal Service Form 7407, July 1992, which, in clause 16, TERMINATION BY THE POSTAL SERVICE FOR DEFAULT, authorized the Postal Service Contracting Officer (Contracting Officer) to terminate the Contract for default if the contractor failed to perform service according to the terms of the Contract. Def.'s Ex. 1 ¶ 3.

---

1.  Facts cited to the filing of only one party do not appear to be in dispute.

Plaintiff performed the Contract in a satisfactory manner for the first eleven months. *Id.* ¶ 5. However, on January 4 and January 9, 1997, neither plaintiff nor any driver employed by her arrived at the Wilkes–Barre facility to transport Express Mail to Philadelphia. Def.'s Mot. at 2; Def.'s Ex. 1 ¶¶ 5, 6. The Postal Service had to procure a replacement transporter on those dates. Def.'s Mot. at 2; Def.'s Ex. 1 ¶¶ 5, 6.

From January 14 to January 23, 1997, plaintiff failed to perform service under the Contract and did not speak with any of defendant's contracting officials concerning the reason for her failure to perform. Def.'s Ex. 1 ¶ 12. On January 23, 1997, the Contracting Officer terminated plaintiff's Contract for default because of her failure to perform and also because she was unavailable to discuss her failure to perform. *Id.* ¶ 13. In his final decision, the Contracting Officer terminated the Contract effective January 16, 1997, citing plaintiff's abandonment of performance as the reason for the decision to terminate for default. *Id.*

Plaintiff appealed the Contracting Officer's final decision directly to the Postal Service Board of Contract Appeals (PSBCA or the Board). *See* Def.'s Ex. 1. The Board found that "[t]he contract required Appellant to ensure that the contract was performed and to remain easily accessible in the event problems arose on the route. Appellant failed on both of these obligations." Def.'s Ex. 1 at *7. Furthermore, the Board observed that "nothing in [plaintiff's] contract expressly required the [C]ontracting [O]fficer to furnish [plaintiff] with a written warning of his intent to terminate the contract for default prior to doing so." *Id.* at *8. Thus, the Board held that "the default termination was proper." *Id.*

The Board added that it was without jurisdiction to hear the claims for compensation contained in plaintiff's complaint because the submission of a written claim to the Contracting Officer is a prerequisite to PSBCA's jurisdiction over any of plaintiff's monetary claims. Def.'s Ex. 1 at *9. Accordingly, plaintiff's monetary claims were dismissed without prejudice. *Id.*

Plaintiff filed a motion for reconsideration of PSBCA's opinion, but "she merely repeated arguments in her appeal" and PSBCA found nothing that would persuade it to change its earlier decision. Def.'s Mot. at 3; Def.'s Ex. 2 at *2 (*McSheffrey*, PSBCA No. 4061, 1998 LEXIS 33, 98–2 B.C.A. (CCH) ¶ 30,081, 1998 WL 761882 (Oct. 22, 1998)). Almost three years later, on June 16, 2001, plaintiff submitted a claim to the Contracting Officer for alleged damages and lost profits arising from the termination of the Contract that the PSBCA held was properly terminated for default. Def.'s Mot. at 3; Am. Compl. Ex. 1. The Contracting Officer denied her claim as well as each and all of her requests for compensation. Am. Compl. Ex. 2; Def.'s Mot. at 3.

On July 25, 2002, plaintiff appealed the Contracting Officer's decision to the Court of Appeals for the Federal Circuit, but the court notified her that it was without jurisdiction to hear her claim. Def.'s Mot. at 3. Plaintiff's claim was transferred to this court on November 5, 2002. *Id.*

In her complaint, plaintiff requests a total of $70,984.30 plus allowable interest. Am. Compl. ¶ II. Plaintiff seeks a release of funds suspended by the Postal Service and payment of those funds to plaintiff in the amount of $641.13, plus interest to date. *Id.* ¶ II.1. In addition, plaintiff asks the court to remit liquidated damages to her "as allowed by contract for Termination For Convenience in the amount of $9,252.61, plus interest to date." *Id.* ¶ II.2. Plaintiff also requests compensatory damages "in lieu of thirty days notice of contract termination as allowed by contract for 'Termination for Convenience' in the amount of $2,198.16 plus interest to date." *Id.* ¶ II.3. Furthermore, plaintiff asks the court to remit as bid wages to plaintiff $17,220.00 per annum, plus interest to date for the projected contract term of February 1, 1997 through June 30, 2000 for the non-award of Contract No. 328EG "caused by wrongful termination of [the Contract] and misrepresentation of fact conveyed to Atlanta Area DNO by the Allegheny Distribution Networks Office." *Id.* ¶ II.4. Finally, plaintiff requests the removal of charges allegedly wrongfully levied by the Postal Service, In-

ternal Revenue Service, and other applicable agencies in the amount of $4,729.98 plus all interest and fees to date. *Id.* ¶ II.5.

## II. Discussion

### A. Summary Judgment

A motion to dismiss for failure to state a claim upon which relief can be granted is treated as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." RCFC 12(b)(6). Both parties included materials outside of the pleadings in their briefing. Therefore, the court addresses defendant's motion as a motion for summary judgment under Rule 56.

Under Rule 56, summary judgment is warranted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact that might significantly affect the outcome of the litigation is material. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputes over facts that are not outcome determinative will not preclude the entry of summary judgment. *Id.* at 247–48, 106 S.Ct. 2505.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of a genuine issue of material fact, the burden then shifts to the non-moving party to show that a genuine issue exists. *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1562–63 (Fed.Cir.1987). The movant is also entitled to summary judgment if the non-movant fails to make a showing sufficient to establish an element of its case on which it will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. The court must resolve any doubts about factual issues in favor of the party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.,* 755 F.2d 158, 163 (Fed.Cir.1985), to whom the benefits of all favorable inferences and pre-

sumptions run. *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir. 1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

### B. Res Judicata or Collateral Estoppel

Defendant argues that the doctrine of res judicata bars plaintiff from bringing her claim in this court. Defendant contends that plaintiff's complaint asks the court to relitigate the same issue that was previously raised before the PSBCA. Def.'s Mot. at 4. Thus, "in light of the issues being identical, the actual litigation of the issue in a previous case, the essentiality of the issue to that previous case's outcome, and her full representation in that previous case, the doctrine of *res judicata* bars her current claim" and it should therefore be dismissed. Def.'s Mot. at 5–6.

Plaintiff argues that the termination of the Contract should be ruled to be a "Termination For Convenience" because written notice of the Contracting Officer's intent to terminate was not provided to plaintiff and because the Contract was "replaced with a radically changed scope of services." Am. Compl. ¶¶ I.a-b. Plaintiff further argues that the claim that serves as basis for plaintiff's complaint is separate and independent from any prior claim or hearing related to the issues in this case. Plaintiff's Response to Defendant's Motion to Dismiss (Pl.'s Resp.) ¶ 1. Moreover, the PSBCA concluded that "the monetary claims raised by [plaintiff] for the first time in her Complaint are dismissed without prejudice[.]" Def.'s Ex. 1 at *9–*10; Pl.'s Resp. ¶ 2. Thus, plaintiff argues, the doctrine of res judicata does not operate to bar plaintiff's claim and plaintiff's claim should not be dismissed. Plaintiff's Response (Pl.'s Sur–Resp.) ¶ 4.

As explained by this court in *Charter Fed. Sav. Bank v. United States (Charter F.S.B.),* historically the doctrine of res judicata referred "to the overall doctrine of finality or litigation preclusion, which generally provides that a matter finally decided by one tribunal may not be redetermined subsequently by another." 54 Fed.Cl. 120, 126 (2002). *See also Int'l Air Response v. United States,* 324 F.3d 1380 (Fed.Cir.2003). Res

judicata is now generally used to "refer only to the preclusion on redetermining the same claims for relief (or causes of action) while the term collateral estoppel means the finality principle that bars redetermination of issues."[2] *Charter F.S.B.*, 54 Fed.Cl. at 126.

Defendant appears to argue for "issue preclusion" or "collateral estoppel" in its assertion that plaintiff's claim should be barred under the *doctrine of res judicata*. Def.'s Mot. at 4. Indeed, as to whether plaintiff's default termination was improper, defendant states that "McSheffrey now attempts to relitigate that same *issue* in this case." *Id.* (emphasis added).

■ Issue preclusion "serves to bar the revisiting of issues that have been already been litigated by the same parties or their privies based on the same cause of action." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed.Cir.2001) (citing *Jet. Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365–66 (Fed. Cir.2000)). Issue preclusion requires that each of four elements be met: 1) the issue must be identical to that in the prior action; 2) the issue must have been actually litigated; 3) the determination of the issue in the prior action was necessary and essential to the resulting judgment; and 4) the party defending against preclusion must have had a full and fair opportunity to litigate the issue in the prior action. *Banner*, 238 F.3d at 1354 (citation omitted); *Charter F.S.B.*, 54 Fed.Cl. at 126 (citations omitted). The court examines these factors for each of plaintiff's monetary claims or each "issue" plaintiff raises. In making this examination, the court is mindful that pleadings drafted by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).[3] However, while the court construes a pro se plaintiff's pleadings liberally, the court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes

facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989).

1. Damages Based on Termination for Convenience Theory

■ Plaintiff seeks liquidated damages and compensatory damages based entirely on the theory that these amounts are owed plaintiff "as allowed by contract for 'Termination for Convenience.'" Am. Compl. ¶¶ II.2–II.3. Plaintiff also seeks "bid wages" based on the "non award of contract caused by wrongful termination ... and misrepresentation of fact." *Id.* ¶ II.4.

The Board's decision that the "default termination [of the Contract] was proper" applies as a collateral estoppel to the claims of plaintiff here. *See* Def.'s Ex. 1 at *9. First, the issue in the case before the Board, whether the Contract was properly terminated for default, is identical to the issue here. *See* Am. Compl. ¶¶ II.2–II.4, Def.'s Ex. 1 at *6–*9. Second, the question was actually litigated before the Board. *See* Def.'s Ex. 1 at *6–*9. Third, the determination by the Board was necessary and essential to the resulting judgment. *See* Def.'s Ex. 1 at *9–*10. And, fourth, plaintiff had a full and fair opportunity to litigate the issue before the Board. *See* Def.'s Ex. 1.

Therefore, defendant's motion to dismiss plaintiff's claims for liquidated and compensatory damages in the amount of $9,252.61 and $2,198.16 respectively, is GRANTED because those claims are supported entirely by plaintiff's claim that she is entitled to a Termination for Convenience of the Contract. Am. Compl. ¶¶ II.2–II.3. Defendant's motion with respect to plaintiff's claim for bid wages in the amount of $17,220.00 is GRANTED to the extent plaintiff's claim relies on the theory of wrongful termination of the Contract but not to the extent that the "misrepresentation of fact" claimed by plain-

---

2. The Restatement (Second) of Judgments § 27 (1980) indicates that the term "issue preclusion" is preferable to collateral estoppel. *Charter F.S.B.*, 54 Fed.Cl. at 126 n. 7.

3. Indeed, if plaintiff's pleadings were construed literally, her complaint effectively concedes her

case because in an introductory statement that could fairly be construed as applying to all of her claims, she states that she seeks damages based entirely on the theory that the Contract should have been terminated for convenience. *See* Am. Compl. ¶¶ I.1 and II.

tiff refers to a matter not litigated in the case before the Board.

### 2. Damages Not Necessarily Based on Termination for Convenience Theory

 Plaintiff also seeks damages for suspended funds in the amount of $641.13 plus interest and asks the court to "remove charges in the amount of $4,729.98" from agency records. Am. Compl. ¶¶ II.1 and II.5. Although plaintiff's complaint generally states as the theory of recovery that "[t]he termination of [the Contract] should be ruled to be a 'Termination for Convenience,' " Am. Compl. ¶ I.1, and further claims that plaintiff is entitled to relief and demands judgment "based upon 'Termination For Convenience,' " *id.* ¶ II, plaintiff does not directly connect these monetary claims to the theory that the Contract should have been terminated for convenience and not for default. *See* Am. Compl. ¶¶ II.1 and II.5.

Noting that plaintiff is appearing pro se and construing her pleadings in the light most favorable to her, the court finds that at this point in the proceedings the doctrine of collateral estoppel does not bar these claims. Defendant's motion with respect to plaintiff's claims for suspended funds in the amount of $641.13 plus interest and to remove charges in the amount of $4,729.98 is DENIED.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED in part and DENIED in part. Plaintiff is directed to show cause why plaintiff's claims for suspended funds, wrongfully levied charges, and bid wages should not be dismissed as barred by the doctrine of collateral estoppel because the Contract has previously been determined to be properly terminated for default. Plaintiff's response to this show cause order shall be filed on or before Friday, September 12, 2003. Defendant shall respond to plaintiff's filing on or before Friday, September 26, 2003 and plaintiff shall reply to defendant's response on or before Friday, October 3, 2003.

IT IS SO ORDERED.