**Frederick J. SONNENFELD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–1345 C.

United States Court of Federal Claims.

Sept. 24, 2004.

Frederick J. Sonnenfeld, pro se, plaintiff.

Sharon A. Snyder, Trial Attorney, Bryant G. Snee, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

### *OPINION AND ORDER*

GEORGE W. MILLER, Judge.

The United States District Court for the District of Colorado transferred plaintiff's claim for breach of contract to this court on August 7, 2002. Mr. Sonnenfeld filed his

complaint with the court on June 4, 2003. On March 2, 2004, defendant filed a motion to dismiss pursuant to United States Court of Federal Claims Rule ("RCFC") 12(b)(1). On May 27, 2004, plaintiff filed a response to defendant's motion to dismiss. Defendant filed its reply brief on June 3, 2004. Oral argument was held on Tuesday, August 24, 2004. For the reasons discussed below, defendant's motion is GRANTED in part and DENIED in part.

## FACTS

Plaintiff enlisted in the United States Army Reserve on November 6, 1993, and signed a re-enlistment agreement purporting to enroll him in the Army's Student Loan Repayment Program ("SLRP") for loan repayment up to $20,000. Complaint ("Compl.") ¶¶ 5–7; Pl.Ex. A. At the time of his re-enlistment, the Retention Non Commissioned Officer ("NCO") apparently told Mr. Sonnenfeld that he was eligible for the SLRP. Compl. ¶ 7; Pl.Ex. A. The SLRP is part of the Army's Selected Reserve Incentive Program ("SRIP"), which authorizes bonuses and educational funding to facilitate the Army's efforts to meet retention and recruiting goals in critical skills areas. Skill areas are designated by a number and a letter known as a Military Occupational Specialty ("MOS"). At the time Mr. Sonnenfeld signed his re-enlistment contract, his MOS was 71L—administration. Compl. ¶ 7.

Twice a year the U.S. Army Office of the Deputy Chief of Staff for Personnel publishes a list of the MOSs that are eligible for the SLRP. Because Mr. Sonnenfeld signed his re-enlistment contract in November 1993, his eligibility was governed by the 1994 fiscal year SRIP list, dated October 1, 1993. Def. Ex. C. The list appears to indicate that drill sergeants were the only soldiers with a 71L MOS who were eligible for the SLRP. Mr. Sonnenfeld was not a drill sergeant, and therefore, the Government contends, he was ineligible. Plaintiff asserts that the SLRP was offered as a re-enlistment bonus for Prior Service ("PS") soldiers. Plaintiff further contends that Army Regulation 135–7 provided that PS applicants and in-service personnel who contracted for an MOS in which they were qualified or in a critical MOS that had been established by the Department of the Army were eligible for the SLRP increased incentive. Plaintiff asserts that he was a qualified 71L PS soldier on the date of re-enlistment in accordance with the requirements stated in Army Regulation 135–7.

Mr. Sonnenfeld's alleged ineligibility for the SLRP was discovered in March 1998, after he submitted a request for reimbursement of a portion of his student loan and was informed that he was not eligible for the program. Pl.Ex. B. The 104th Division Retention Officer submitted a request for exception to policy on Mr. Sonnenfeld's behalf that was supported by his commander. Pl. Ex. C and D. The exception to policy request was denied, and Mr. Sonnenfeld filed suit first in the United States District Court for the District of Colorado, and then in this court seeking $20,000 for breach of contract. In response to the Government's motion to dismiss, plaintiff, in addition to his breach of contract claim, articulated a tort claim and a claim for entitlement based on Army Regulation 135–7.

## DISCUSSION

### I. Standard of Review for Motion to Dismiss

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the court may consider all relevant evidence in order to resolve any disputes as to the truth of the jurisdictional facts alleged in the complaint. *CC Distributors, Inc. v. United States*, 38 Fed.Cl. 771, 774 (1997) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988)). The court is required to decide any disputed facts that are relevant to the issue of jurisdiction. *Reynolds*, 846 F.2d at 747. The burden of establishing jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *CC Distributors*, 38 Fed.Cl. at 774.

"In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a

cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *CC Distributors*, 38 Fed.Cl. at 774. In rendering a decision, the court must presume that the undisputed factual allegations included in the complaint are true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). The court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that will entitle it to relief. *CC Distributors*, 38 Fed. Cl. at 774 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Id.* The court, however, "is mindful that pleadings drafted by pro se plaintiffs are held to 'less stringent standards than formal pleadings drafted by lawyers,'" and accordingly, such pleadings are construed "liberally." *McSheffrey v. United States*, 58 Fed.Cl. 21, 25 (2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

## II. The Court Lacks Jurisdiction Over Plaintiff's Claim Based On the Reenlistment Agreement

The court's subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, extends to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). RCFC 12(b)(1) provides for the dismissal of suits where the court lacks jurisdiction over the subject matter.

■■■ In his complaint, plaintiff asserts Tucker Act jurisdiction based on the "Enlistment Contract Agreement" that plaintiff and the United States Army Reserve entered

into on November 6, 1993. Compl. ¶ 5. It is settled law, however, that Tucker Act jurisdiction for cases involving military pay must be based solely upon statute and regulation, not upon contracts of enlistment or other documents relating to enlistment.

In *Bell v. United States*, the Supreme Court held that "common-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon a statutory right." 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961). Thus, in suits by soldiers alleging breaches of enlistment contracts, common-law contract principles have been displaced by Federal statutes and regulations. *United States v. Larionoff*, 431 U.S. 864, 869, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *see also Lynch v. United States*, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) ("Pensions, compensation allowances, and privileges are gratuities. They involve no agreement of the parties; and grant of them creates no vested right. The benefits conferred by gratuities may be redistributed or withdrawn at any time in the discretion of Congress."); *Schism v. United States*, 316 F.3d 1259, 1272 (Fed. Cir.2002) (en banc) ("doctrine that statutes are the exclusive source of law governing the compensation rights of members of the military for pensions as well as pay appears in Court opinions as early at 1856") *cert. denied*, 539 U.S. 910, 123 S.Ct. 2246, 156 L.Ed.2d 125 (2003); *Kania v. United States*, 227 Ct.Cl. 458, 650 F.2d 264, 268 (1981) ("[I]t has long been held that the rights of civilian and military public employees against the government do not turn on contract doctrine but are matters of legal status even where compacts are made.").

In rejecting a claim by military retirees for free lifetime medical care under a theory of promissory estoppel, the Court of Appeals for the Federal Circuit, sitting en banc, underscored the irrelevance of contract law to military compensation:

This is true even though recruiter and recruit may each sign an enlistment contract agreeing to its contents; the recruit's entitlement to basic pay is simply not gov-

erned by [an enlistment] contract, but by statute.

*Schism,* 316 F.3d at 1271.

In *Chu v. United States,* the Court of Appeals for the Federal Circuit emphasized that:

Neither our predecessor, the Court of Claims, nor the Claims Court has found that the military enlistment agreement gives rise to a contractual relationship. Rather, the military enlistment "agreement" effects a change in status along with the correlative rights and duties that come with that change.

773 F.2d 1226, 1229 (Fed.Cir.1985). The court based its conclusion on "the well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Id.*

The re-enlistment agreement here does not constitute an "express or implied contract" necessary for Tucker Act jurisdiction. Therefore, Mr. Sonnenfeld's claim based upon that agreement is not within the subject matter jurisdiction of this court.

### III. The Court Has Jurisdiction Over Plaintiff's Claims Based On Army Regulations

█ In response to defendant's argument that plaintiff's re-enlistment agreement itself could not be the basis for subject matter jurisdiction, plaintiff asserted a claim pursuant to the Army regulations that govern the Student Loan Repayment Program. Mr. Sonnenfeld contends that under those regulations, he is entitled to the damages that he seeks. Specifically, plaintiff alleges that Army Regulation 135–7 provides that PS soldiers and in-service personnel who contract for an MOS in which they are qualified or in a critical MOS are eligible for student loan repayment. Pl. Resp. at 2.

The Court of Appeals for the Federal Circuit recently clarified the test used to determine whether this court possesses jurisdiction to address the merits of a Tucker Act suit. The court held, "when a Tucker Act

plaintiff makes a non-frivolous allegation that a particular statute [or regulation] is amenable, with fair inferences drawn, to a reading that it mandates money damages, a basis for jurisdiction is stated." *Fisher v. United States,* 364 F.3d 1372, 1377 (Fed.Cir.2004) (citing *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)). The Court has construed plaintiff's pro se pleading liberally, *Haines v. Kerner,* 404 U.S. at 520, 92 S.Ct. 594, and having done so, has concluded that the Army regulation Mr. Sonnenfeld cited, and the statute upon which it is based, 10 U.S.C. § 16301(a)(2), meet the threshold jurisdictional test as set forth in the *Fisher* case.

### IV. The Court Lacks Jurisdiction Over Plaintiff's Tort Claim

Also in response to defendant's motion, plaintiff asserted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The Tucker Act explicitly provides that the Court of Federal Claims does not have subject matter jurisdiction over cases "sounding in tort." 28 U.S.C. § 1491(a)(1). Accordingly, this court is not the proper forum for plaintiff to pursue a FTCA case.

### V. Defendant's Motion to Dismiss Pursuant to RCFC 12(b)(6) is Not Ripe for Review

In its reply brief, the Government, for the first time, raised a RCFC 12(b)(6) objection to plaintiff's regulation-based claim, arguing that even assuming subject matter jurisdiction based on Army Regulation 135–7, plaintiff has failed to state a claim upon which relief can be granted because the regulation plaintiff relies on does not provide the remedy he seeks. Def. Reply at 2–4. Because this argument was raised in the Government's reply brief, it has not been fully and properly briefed. Accordingly, the Government's contention is not ripe for decision by the Court. The Court will entertain a motion from the Government asserting its RCFC 12(b)(6) argument. It appears that matters outside the pleadings will need to be considered in order to resolve such a motion. Therefore, defendant should style its motion

as a motion to dismiss, or in the alternative, for summary judgment, after which briefing may proceed in accordance with RCFC 56 and 7.1(c). Defendant shall file and serve its motion and supporting papers by Monday, October 25, 2004.

IT IS SO ORDERED.