Raymond MARLIN, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 04–1797T.

United States Court of Federal Claims.

Filed Jan. 12, 2005.

Reissued Jan. 13, 2005.

Raymond Marlin, Visalia, CA, pro se.

## *OPINION AND ORDER DISMISSING CASE SUA SPONTE*

GEORGE W. MILLER, Judge.

By letter dated September 23, 2004, the Internal Revenue Service ("IRS") informed plaintiff Marlin that it believed that he owed additional tax in the amount of $90,688.00 plus a penalty of $18,137.60 for the tax year ended December 31, 2000. Compl. Exh. A. The letter informed Mr. Marlin of his right to appeal the IRS's determination to the United States Tax Court. *Id.* The Court does not know if plaintiff has brought suit in the United States Tax Court challenging the September 23, 2004 Notice of Deficiency.

Plaintiff, who is appearing pro se, filed a complaint in this court on December 22, 2004, alleging, *inter alia,* that: (1) defendants, the IRS and its agents, have violated 26 U.S.C. § 6501, which stipulates that any tax im-

posed by title 26 shall be assessed within three years from the date the applicable return was filed; (2) defendants, as a consequence of violating 26 U.S.C. § 6501, are using threats, duress, and coercion to collect a fraudulent tax; (3) defendants issued said Deficiency Notices fraudulently; (4) defendants fraudulently manufactured the Deficiency Notices; (5) defendants committed extortion and extortion by use of U.S. Mail in violation of 18 U.S.C. § 63 by agreeing to provide the required assessment only after plaintiff files a petition with the United States Tax Court; (6) defendants, by engaging in fraudulent means to coerce payments of monies by making demands via U.S. Mail, are in violation of 18 U.S.C. § 1341; (7) defendants, by engaging in extortion by use of interstate communications, are in violation of 18 U.S.C. § 875; (8) defendants are making threats against plaintiff by the mailing of the Deficiency Notices in violation of 18 U.S.C. § 876; (9) defendants are violating 42 U.S.C. §§ 1981(a) and 1983; and (10) defendants are violating plaintiff's civil rights in violation of 42 U.S.C. § 1985, entitled "conspiracy to interfere with civil rights."

Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") provides that "whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Because plaintiff is appearing pro se, his pleadings "are held to 'less stringent standards than formal pleadings drafted by lawyers,'" and accordingly, such pleadings are construed "liberally." *McSheffrey v. United States,* 58 Fed.Cl. 21, 25 (2003) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

The court's subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, extends to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt*

*Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This is a court of specific civil jurisdiction, defined by the Tucker Act, 28 U.S.C. § 1491, and requires a money mandating provision to confirm jurisdiction. *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994). Plaintiff has not identified a money mandating provision of law, and the Court is aware of none that could possibly provide jurisdictional support for any of his claims. *Id.* Furthermore, "[t]he court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua,* 17 F.3d at 379.

To the extent that plaintiff's claims relate to alleged violations of his civil rights generally, the Court of Federal Claims does not have jurisdiction over a *Bivens* claim, a cause of action for money damages intended to remedy constitutional violations committed by Government officials acting under color of federal law. *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997). Similarly, the Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts. *Wildman v. United States,* 28 Fed. Cl. 494, 495 (1993) (citing *Anderson v. United States,* 22 Cl.Ct. 178, 179 n. 2 (1990) *aff'd,* 937 F.2d 623 (Fed.Cir.1991) (table)); *Osborn v. United States,* 47 Fed.Cl. 224, 232 (2000) (citing *Blassingame v. United States,* 33 Fed. Cl. 504, 505 (1995), *aff'd,* 73 F.3d 379 (Fed. Cir.1995)).

Additionally, the court lacks jurisdiction over plaintiff's claims for fraud. The Tucker Act explicitly provides that the Court of Federal Claims does not have subject matter jurisdiction over cases "sounding in tort." 28 U.S.C. § 1491(a)(1). A claim for fraud is a claim sounding in tort and therefore cannot be considered by the Court of Federal Claims. *Brown,* 105 F.3d at 623 ("Because [plaintiffs'] complaints for 'fraudulent assessment[s]' are grounded in fraud, which is a tort, the court lacks jurisdiction over those claims").

Plaintiff contends in his complaint that he "is entitled to ... collection from defendants of damages in the amount specified by defendants in the [Notice of Deficiency], to wit, $108,825.60, being the sum of the underpayment of alleged taxes and penalties." Compl. at 2. Construing plaintiff's pro se complaint liberally, *McSheffrey*, 58 Fed.Cl. at 25, the Court interprets this demand for relief as a request that the Court adjudicate plaintiff's tax deficiency case. The United States Tax Court, and not the Court of Federal Claims, has jurisdiction over deficiency cases. *Fuselier v. United States,* 63 Fed.Cl. 8, 11 (2004) (citing 26 U.S.C. § 6213(a) (2000)). The Court of Federal Claims has jurisdiction over tax refund cases. *Id.* (citing 28 U.S.C. §§ 1346(a)(1), 1491). Like the plaintiff in *Fuselier,* plaintiff Marlin does not allege that he has paid taxes or that he seeks a refund. Rather, the pleadings specifically refer to a notice of deficiency. Thus, this court lacks jurisdiction over plaintiff's tax deficiency claim. *Id.* (citing *Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir. 2002)).

The Court does not have jurisdiction to provide any of the relief requested. Accordingly, the Clerk shall enter judgment dismissing plaintiff's complaint pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.