NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS LEE MAXBERRY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2271

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01256-CFL, Judge Charles F. Lettow.

---

Decided: January 12, 2018

---

DENNIS LEE MAXBERRY, Chippewa Falls, WI, pro se.

JESSICA R. TOPLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Dennis Lee Maxberry ("Maxberry") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted. *Maxberry v. United States*, No. 16-1256C, 2017 WL 1854809, at *2 (Fed. Cl. May 8, 2017). Because the Claims Court did not err in its dismissal, we *affirm*.

## BACKGROUND

Maxberry served in the United States Army from September 29, 1976 to June 23, 1978. He was discharged prior to the end of his term of service because of substandard performance and failed counseling and rehabilitation efforts. On June 15, 1978, Maxberry received notice of his separation from the Army under the Expeditious Discharge Program, which he signed indicating his voluntary consent to the discharge. On June 23, 1978, Maxberry was separated from the Army with a General Discharge under honorable conditions.

Following his discharge, Maxberry filed several requests to change his discharge status. In 1980, he filed three applications to the Army Discharge Review Board ("ADRB") requesting to have his general discharge upgraded to an honorable discharge; these were denied because the ADRB determined that he was properly discharged. In 1985, Maxberry filed requests with the ADRB and the Army Board for Correction of Military Records ("ABCMR") again requesting the same upgrade to his discharge status claiming that the circumstances leading up to his discharge were "fictit[iou]s." J.A. 150. These were all denied as untimely. *See* 10 U.S.C. § 1552(b) (stating that requests for military record corrections must be made within three years after discovering the "error or injustice"). In 1987, Maxberry filed another application to the ABCMR requesting reconsideration of

his discharge status and alleging for the first time that it be changed to a medical disability discharge for injuries suffered during his service. On August 19, 1988, the ABCMR declined to hear his request because it was untimely, leaving its earlier decision undisturbed.

Twenty years later, Maxberry resumed his attempts to change his discharge status. In 2008, he filed two applications to the ABCMR, which were both denied as untimely. Undeterred, Maxberry filed five more applications to the ADRB and ABCMR from 2010 to 2012 again requesting a change in his discharge status. All five applications were denied. Between 2014 and 2015, Maxberry filed another five applications to the ABCMR requesting, *inter alia*, to upgrade his general discharge to an honorable discharge, and to update his records to reflect a medical separation or retirement. This time, the ABCMR elected to waive the statute of limitations and considered his requests. On May 17, 2016, the ABCMR denied all his requested relief. The ABCMR specifically noted that it had denied all of Maxberry's prior requests and that Maxberry had provided no evidence to support his claims for relief. Maxberry filed an application for reconsideration, which the ABCMR denied for lack of new evidence.

On October 3, 2016, Maxberry filed a complaint in the Claims Court alleging (1) that he was entitled to an honorable discharge, disability pay, retirement pay, back pay, and punitive damages (the "service-related claims"); (2) constitutional violations under the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments (the "constitutional claims"); and (3) statutory violations under the Civil Rights Act (42 U.S.C. § 1983), Speedy Trial Act (18 U.S.C. § 3161), Defense of Marriage Act (1 U.S.C. § 7), and the Uniform Code of Military Justice (10 U.S.C. § 815) (the "statutory claims"). The government filed a motion to dismiss for lack of jurisdic-

tion and failure to state a claim upon which relief can be granted, or in the alternative, judgment on the administrative record in its favor.

The Claims Court granted the motion determining that Maxberry's service-related claims were time-barred because he failed to assert his claims within six years of accrual; and his constitutional and statutory claims were not money-mandating or did not otherwise confer jurisdiction in the Claims Court. *See Maxberry*, 2017 WL 1854809, at \*5–8. The court also held that Maxberry's complaint failed to state a claim upon which relief could be granted because he needed to establish that his discharge was involuntary, which Maxberry was unable to do. *Id.* at \*8.

Maxberry timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* dismissals by the Claims Court for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). Additionally, the scope of our review is limited and arguments not raised before the court are waived on appeal. *See San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1354–55 (Fed. Cir. 2011).

We first address Maxberry's service-related claims. Maxberry appears to argue that the Servicemembers Civil Relief Act ("SCRA") and the doctrine of equitable tolling justify his late filing, citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (arguing mental illness as a disability that tolls the statute of limitations). The government responds that the Claims Court correctly dismissed the service-related claims as time-barred and that Maxberry has not provided any evidence regarding disabilities or indications regarding how the SCRA would waive the statute of limitations.

We agree with the government that the Claims Court correctly dismissed Maxberry's service-related claims as barred by the statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Claims of unlawful discharge or separation from armed services accrue when the member is discharged from active duty status. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Claims for disability retirement pay accrue when the appropriate military board finally denies such a claim or refuses to hear it. *See Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005).

Maxberry separated from the Army on June 23, 1978, giving him until June 23, 1984 to file his unlawful discharge claims. The ABCMR, the first board to assess Maxberry's claims for disability pay, denied the claims on August 19, 1988, giving Maxberry until August 19, 1994 to file his back pay claims. Maxberry did not file his complaint in the Claims Court until October 3, 2016, well beyond either expiration date. Maxberry did not raise his equitable tolling argument before the Claims Court, and it is therefore waived. We therefore conclude that the court properly dismissed Maxberry's claims as barred by the statute of limitations.

We next turn to Maxberry's slew of constitutional and statutory claims. Maxberry fails to address in his briefs how the Claims Court erred in dismissing his constitutional and statutory claims for lack of jurisdiction. The government argues that the dismissal for lack of jurisdiction was proper, and we agree.

The Claims Court has jurisdiction over constitutional or statutory violations that are money-mandating. *See* 28 U.S.C. § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 397–98 (1976). From what we can decipher, none of

Maxberry's constitutional or statutory claims are money-mandating or otherwise confer jurisdiction in the Claims Court. The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating.[1] The Claims Court also lacks jurisdiction over claims based on the Civil Rights Act, Speedy Trial Act, and Defense of Marriage Act, because they are not money-mandating;[2] and Maxberry's claims

---

[1]    *See, e.g.*, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the "Due Process Clauses of the Fifth and Fourteenth Amendments" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999), *aff'd* 217 F.3d 854 (Fed. Cir. 1999) (holding that the Sixth Amendment is not money-mandating); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal quotations omitted)); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (holding that the Claims Court lacks jurisdiction over "non-contractual money claims under the Thirteenth Amendment"); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (holding that the Fifteenth Amendment does not support jurisdiction in the Claims Court).

[2]    *See, e.g.*, *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (holding that "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts"); *Joshua v. United States*, 17 F.3d 378, 379

under the Uniform Code of Military Justice, because Maxberry was never subject to a court-martial.[3] The court therefore properly dismissed Maxberry's constitutional and statutory claims for lack of jurisdiction.

Because we have already concluded that the Claims Court properly dismissed all of Maxberry's claims, we need not also decide whether it correctly determined that the complaint failed to state a claim upon which relief can be granted. We have considered Maxberry's remaining arguments but find them to be without merit or waived.

CONCLUSION

For the foregoing reasons, we affirm the Claims Court's dismissal of this case.

**AFFIRMED**

---

(Fed. Cir. 1994) (affirming that the Claims Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); 1 U.S.C. § 7 (containing no money-mandating provisions).

[3] *See, e.g.*, *Bowling v. United States*, 713 F.2d 1558, 1560 (Fed. Cir. 1983) (holding that the Claims Court has limited jurisdiction to review a court-martial judgment if presented as "a collateral attack . . . on constitutional grounds").