**David P. BAIRD, Plaintiff**

v.

**The UNITED STATES, Defendant.**

No. 04–1454C.

United States Court of Federal Claims.

June 11, 2007.

David P. Baird, pro se, New Orleans, LA, Plaintiff.

Tara K. Hogan, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

This case is before the Court following a review by the Board for Correction of Military Records, Office of the General Counsel, United States Department of Homeland Security ("the Board"). The Court ordered a remand to the Board on June 1, 2006 to review alleged errors and back pay issues relating to Plaintiff's service in the Coast Guard. *Baird v. United States*, 71 Fed.Cl. 536 (2006). On September 28, 2006, the Board issued its decision (BCMR No.2006–130), granting in part and denying in part Plaintiff's request for correction of his military records. Administrative Record ("AR") 3–25. Plaintiff sought further review by the Court pursuant to RCFC 52.2(b)(4), filing a "Notice After Remand of Proceedings" on October 24, 2006. Defendant submitted the administrative record on November 22, 2006, and the Court directed the parties to file motions for judgment based upon that record.

On January 9, 2007, Defendant filed a motion for judgment upon the administrative record, and a motion for dismissal of Plaintiff's allegations under the Fair Credit Reporting Act for failure to state a claim upon which relief can be granted. Plaintiff responded to these motions on March 8, 2007, and Defendant replied on March 29, 2007. For the reasons stated below, after careful review of the Board's final decision, the Court finds that Plaintiff's contentions are without merit, and that judgment on the administrative record should be entered for Defendant.

## Standard of Review

Defendant's motion for judgment on the administrative record concerns the Board's September 28, 2006 final decision. When reviewing such a motion, the Court's inquiry is "whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A & D Fire Protection, Inc. v. United States*, 72 Fed.Cl. 126, 131 (2006) (citing *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed.Cir.2005)). The resolution of a motion respecting the administrative record is akin to an expedited trial on the paper record, and the Court must make fact findings where necessary. *Id.*

The Rules Committee Notes to RCFC 52.1 provide that "[t]he standards and criteria governing the court's review of agency decisions vary depending upon the specific law to be applied in particular cases. The rule does not address those standards or criteria." RCFC 52.1 (Notes). The law to be applied in this case is the familiar standard for reviewing administrative decisions. *See Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir.1998) (citing *Skinner v. United States*, 219 Ct.Cl. 322, 594 F.2d 824 (1979)) ("When called upon to review a decision of a corrections board … the standard of review is whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law."). This Court "extends great deference to decisions of the Boards for Correction of Military Records." *Koretsky v. United States*, 57 Fed.Cl. 154, 158 (2003). "Where the agency is entitled to exercise its discretion, as is the case with [the Board], great deference is to be given to its decisions, and the plaintiff has an unusually heavy burden of proof in showing that the determination was arbitrary and capricious." *Id.* (citations omitted).

## Discussion

Plaintiff's "Notice After Remand of Proceedings" is divided into six numbered sections, each of which the Court addresses in turn below.

### 1. *Plaintiff's Record of Service*

Plaintiff's first issue concerns alleged errors in his record of military service. While Plaintiff has not advanced a discernable argument on this subject, Defendant nonetheless addressed the issue thoroughly and with evident care. With respect to the Board's final decision, the Court finds nothing in the discussion of Plaintiff's record of military service to be arbitrary, capricious, unsupported by substantial evidence, or contrary to law. The Court therefore defers to the Board's discretion and expertise on the subject.

### 2. *Plaintiff's Improper Separation*

■ Plaintiff next asserts a variety of injuries and errors relating to his previous claim of improper separation from the Coast Guard. In a final decision dated September 12, 1997 (BCMR No. 107–96), the Board rejected Plaintiff's argument and concluded that he had not been separated from the Coast Guard. BCMR No. 107–96 at 13. In an unpublished decision, *Baird v. United States*, 243 F.3d 558 (Table), 2000 WL 1229000 (Fed.Cir.2000), The United States Court of Appeals for the Federal Circuit agreed. Citing his discovery of "new evidence," Plaintiff attempted to re-litigate certain elements of his separation claim in 2000. In December 2000, the Federal Circuit denied Plaintiff's petition for rehearing. AR 389. In June 2001, the Board similarly declined Plaintiff's request that the Board reconsider its 1997 decision. AR 538. In December 2002, Judge Bodhan Futey of this Court ordered Plaintiff's "Motion To Set Aside Summary Judgment Upon the Administrative Record And Motion For New Trial" returned to Mr. Baird unfiled. AR 372.

On remand, the Board concluded in its September 28, 2006 final decision that Plaintiff failed to satisfy the requirements for seeking reconsideration of "any of the restated allegations" from Plaintiff's 1996 proceedings before the Board. BCMR No.2006–130 at 21 (citing 33 C.F.R. § 52.67(1)-(2)). This Court has reviewed the Board's final decision as it concerns the improper separation issue, and finds nothing therein to be arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Accordingly, the Court will defer to the Board's decision and sustain its findings.

### 3. *Plaintiff's Transfer to Inactive Status List*

■ The third numbered section of Plaintiff's Notice asserts that the Board failed on remand to "correct" Plaintiff's unlawful removal from the Ready Reserves in November 1990. Specifically, Plaintiff alleges that the Board failed to [apply certain screening procedures set forth in] Article 14–I of the Reserve Training and Administration Manual ("RATMAN"). The Board declined to consider the merits of Plaintiff's Article 14–I argument on remand, noting that Plaintiff failed to raise the alleged RATMAN violations in previous proceedings. BCMR No.2006–130 at 21. In its waiver analysis, the Board again referred to the standard for reconsideration motions in 33 C.F.R. § 52.67(1)-(2). That section requires the Board to reconsider an application for correction of a military record if:

(1) An applicant presents evidence or information that was not previously considered by the Board and that could result in a determination other than that originally made. Such new evidence or information may only be considered if it could not have been presented to the Board prior to its original determination if the applicant had exercised reasonable diligence; or

(2) An applicant presents evidence or information that the Board, or the Secretary as the case may be, committed legal or factual error in the original determination that could have resulted in a determination other than that originally made.

33 C.F.R. § 52.67(1)-(2) (revised as of July 1, 2006).

The Board observed that Article 14–I of the RATMAN was accessible and available for Plaintiff's review during the 1996 proceeding before the Board, that the manual did not constitute new evidence, and that it "reasonably could have been discovered through due diligence prior to" the Board's

1996 final decision.[1] BCMR No.2006–130 at 21. For these reasons, the Board concluded that Plaintiff's arguments concerning Article 14 did "not meet the requirements for reconsideration." *Id.*

RCFC 59 contemplates a standard for motions for reconsideration similar to that set forth in 33 C.F.R. § 52.67(1)-(2). Concerning RCFC 59, this Court has concluded that the rules governing waiver in the reconsideration context apply with equal force to *pro se* plaintiffs. *See, e.g., Corrigan v. United States,* 70 Fed.Cl. 665, 668 (2006):

> A party "does not persuade the court to grant [a motion for reconsideration] by merely reasserting arguments which were previously made and were carefully considered by the court." In addition, by failing to raise an issue when it is first available to be litigated, a party waives consideration by the court of the issue on reconsideration, even when the party is *pro se.*

*Id.* (internal citations omitted).

Having reviewed the Board's final decision and the applicable law, the Court finds that the Board's conclusions with respect to Article 14–I of the RATMAN were not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Accordingly, the Court will defer to the Board's decision and sustain its findings with respect to Plaintiff's transfer to the Inactive Status List.

### 4. *Adjustments to Plaintiff's Accrued Leave*

■ Plaintiff next expresses dissatisfaction with the remedy the Board fashioned in connection with his claims of entitlement to back pay and allowances resulting from his service between September 22, 2001 and September 26, 2001. The Board determined that Plaintiff was entitled to sell four days of unused leave accrued during that national emergency. He was *not* entitled, however, to sell any unused leave that he "accrued and brought forward from the earlier period of active duty because that leave was not accrued under orders recalling him to service

in support of a national emergency." BCMR No.2006–130 at 16 (citing 37 U.S.C. § 501(b)). Plaintiff objects to this determination because he wishes to receive compensation for the 20.5 days of accrued leave reflected on his December 2001 leave and earnings statement. *See* Notice at 4–5; BCMR No.2006–130 at 16. Plaintiff therefore requests that the Court either (1) direct the Board to "extend" his orders to allow him "to take the leave," (2) call Plaintiff to duty and place him in leave status, or (3) find that Plaintiff is legally entitled to sell the leave back to the Coast Guard.

The Court discussed 37 U.S.C. § 501(b) and its application to Plaintiff's allegations in its June 1, 2006 Opinion and Order. *See Baird v. United States,* 71 Fed.Cl. 536, 541–42 (2006). On remand, the Board applied 37 U.S.C. § 501(b) to its factual determinations concerning the leave Plaintiff accrued during the contingency operation. The Court agrees with the Board that the statute is "very specific," and clearly prohibits Plaintiff from selling to the Coast Guard the leave at issue. Accordingly, the Court finds that the Board's decision in this respect was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

### 5. *Plaintiff's Stigma–Type Discharge*

■ In the fifth numbered section of his Notice, Plaintiff claims that "computer codes" erroneously indicating his other than honorable discharge from the Coast Guard continue to reside within the Coast Guard's personnel system. Consequently, Plaintiff asserts that there remains "confusion" as to his status, which has prevented him as recently as July 2006 from being recalled to active duty with the Coast Guard, and has hindered his efforts to obtain civilian employment.

The Board partially addressed Plaintiff's allegations on remand, noting that Plaintiff submitted to the Board "a computer print out of certain codes that were entered into the Coast Guard's internal computer system al-

---

1. As Defendant further notes, "[e]ven if Mr. Baird could make [the RATMAN] argument anew, Mr. Baird's arguments about his 1990 transfer [from the Ready Reserves] are long fore-

closed by the six year statute of limitations. No tolling of the statute of limitations is available to Mr. Baird." Defendant's Motion at 24 (citations omitted).

legedly showing that [Plaintiff] was discharged from the Coast Guard in July 1992." BCMR No.2006–130 at 19–20 (footnote omitted). The Board considered the evidence, but concluded that the existence of the "print out" could not cause the Board to reverse its previous decision that Plaintiff was not in fact discharged. *Id.* at 20. "While certain keystrokes indicating a separation may have been entered into the computer system, there is no evidence that [Plaintiff] was ever actually discharged from the Reserve." *Id.* (citing *Baird,* 2000 WL 1229000 at *2). With respect to that conclusion, the Court finds that the Board's decision was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

Concerning Plaintiff's allegation that the stigma surrounding his "discharge" has harmed his employment prospects in 2006, it appears to the Court that Plaintiff did not raise this issue before the Board on remand. As Defendant notes, "Mr. Baird could have, but chose not to, bring this issue to the board for determination." *See* Defendant's Motion at 18. Moreover, the administrative record strongly suggests that the "codes" to which Plaintiff refers are in fact not visible. The Board, for example, concluded on remand that the codes were not accessible by the selection boards that make promotion decisions. BCMR No.2006–130 at 20. The Commandant of the Coast Guard reached the same conclusion. AR at 185. Plaintiff's only evidence in support of this allegation is an unsubstantiated statement that "the New Orleans reserve program coordinator ... erroneously believed that the Plaintiff was ineligible to be recalled to an active duty status because of his previous [other than honorable discharge]." Notice at 6. In addition to being untimely presented, Plaintiff's statement is insufficient to overcome the findings in the Board's final decision. The Court therefore concludes that the Board's determination with respect to Plaintiff's stigma-type discharge was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

#### 6. *Misreporting to Credit Bureau Agencies*

Plaintiff's final allegation concerns the collection efforts undertaken by the Coast Guard, which the Board has since ordered to cease permanently. Plaintiff alleges that the Coast Guard's collection efforts injured his credit rating and caused him a "loss of credit." Defendant correctly notes that this allegation does not appear in the Complaint. Defendant further notes that the Court's June 1, 2006 Opinion and Order did not direct the Board to consider this allegation on remand. Rather, the Court expressly limited the scope of remand to the following three issues:

(1) Whether and to what extent Mr. Baird's record of military service contains errors; (2) whether and to what extent Mr. Baird is entitled to back pay and allowances as a result of his service in the absence of written orders between September 22 and September 26, 2001; and (3) whether and to what extent the United States Coast Guard made overpayments to Mr. Baird in connection with the period between September 22 and September 26, 2001, and whether the Coast Guard's efforts to collect such sums may resume.

*Baird,* 71 Fed.Cl. at 543. Plaintiff's allegations concerning his "loss of credit" are for this reason untimely. Moreover, Defendant notes that Plaintiff's late pleading fails to state a claim under the Federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq. See* Defendant's Motion at 25. The Court agrees with Defendant's analysis on this issue.

#### Conclusion

For the foregoing reasons, the Court concludes that the final decision of the Board is in no respect arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Accordingly, the Court defers to the judgment of the Board, and GRANTS Defendant's Motion for Judgment on the Administrative Record. The Clerk of the Court is directed to enter judgment for Defendant consistent with this Opinion and Order.

IT IS SO ORDERED.