NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5154

DAVID P. BAIRD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

David P. Baird, of New Orleans, Louisiana, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5154

DAVID P. BAIRD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case No. 04-CV-1454, Judge Thomas C. Wheeler.

_____

DECIDED:  July 17, 2008

_____

Before MICHEL, Chief Judge, RADER, and MOORE, Circuit Judges.

PER CURIAM.

On judgment on the administrative record, the United States Court of Federal Claims denied Mr. David P. Baird's requests for correction of his military records, back pay and allowances for his accrued leave under 37 U.S.C. § 501(b)(5)(A), and damages under the Federal Fair Credit Reporting Act.  Baird v. United States, 77 Fed. Cl. 114 (2007).  Because the trial court correctly determined that the Coast Guard Board for the Correction of Military Records'

(the Board's) decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence, this court affirms.

I

Mr. Baird, a Lieutenant Commander in the United States Coast Guard, first filed an Application for Correction of Military Record with the Board in April 1996. In that application, Mr. Baird claimed that his 1990 transfer from the Individual Ready Reserve (IRR) to the Inactive Status List (ISL) contravened Coast Guard procedures, that the Coast Guard had "attempted to effect a discharge," and that he should have been eligible for promotion to Commander in 1990. He further sought active duty credit for the time he spent awaiting resolution of a criminal matter, among other causes of action. The Board found against Mr. Baird on all of these matters.

Dissatisfied with the Board's decision, Mr. Baird appealed his case to the Court of Federal Claims. Baird v. United States, No. 98-387 (Fed. Cl.). That court granted the United States' motion for judgment on the administrative record, and found against Mr. Baird on all counts. Subsequently, Mr. Baird appealed to this court, which affirmed the Court of Federal Claims' decision in all respects. Baird v. United States, 243 F.3d 558 (Table), 2000 WL 1229000 (Fed. Cir. Aug. 28, 2000). This court also denied Mr. Baird's petition for rehearing. Subsequently, Mr. Baird filed a motion in the Court of Federal Claims to set aside its judgment, but because of the mandate on appeal, the clerk returned the motion as unfiled.

In September 2000, Mr. Baird sought redress from the Coast Guard under Article 138 of the Uniform Code of Military Justice. Mr. Baird complained that the Coast Guard had made "significant factual misstatements" concerning his service record. That request was denied. Mr. Baird requested reconsideration again in December 2000, but that request was also denied.

In 2002, the Coast Guard informed Mr. Baird that he must repay $4,492.32 (later reduced to $1,755.22) — the amount of four days' salary paid for duties performed in September 2001. The Coast Guard could find no written orders reflecting that Mr. Baird had been called to active duty during those four days.

The instant case arises from Mr. Baird's challenge to this debt. On September 14, 2004, Mr. Baird filed a complaint in the Court of Federal Claims alleging that he had worked the days in question and had not been overpaid by the Coast Guard. Mr. Baird further sought payment for accrued leave and correction of errors in his military record. The Court of Federal Claims remanded to the Board for resolution of three stated issues:

> (1) Whether and to what extent Mr. Baird's record of military service contains errors; (2) whether and to what extent Mr. Baird is entitled to back pay and allowances as a result of his service in the absence of written orders between September 22 and September 26, 2001; and (3) whether and to what extent the United States Coast Guard made overpayments to Mr. Baird in connection with the period between September 22 and September 26, 2001, and whether the Coast Guard's efforts to collect such sums may resume.

Baird v. United States, 71 Fed. Cl. 536, 543 (2006).

In response, the Board ordered the Coast Guard to amend Mr. Baird's orders to reflect active duty during the four days in question. The Board also ordered the Coast Guard to pay Mr. Baird for four days of leave accrued during his service in support of a 9/11 contingency operation. Finally, the Board ordered the Coast Guard to correct Mr. Baird's DD form 214 to show net active service of 3 months and 2 days. The Board denied Mr. Baird's remaining requests. Final Decision, BCMR No. 2006-130.

Still unsatisfied, Mr. Baird sought further review from the Court of Federal Claims under Court of Federal Claims Rule 52.2(b)(4). Granting the government's motion for judgment on the administrative record, the trial court denied Mr. Baird's remaining claims and awarded judgment in favor of the government on all counts.

II

This court reviews a decision of the Court of Federal Claims granting or denying a motion for judgment upon the administrative record without deference. Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005) (citing McHenry v. United States, 367 F.3d 1370, 1377 (Fed. Cir. 2004)). Thus, this court will apply the same statutory review standards as the trial court, but "not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Id.

Mr. Baird first challenges the procedural propriety of his removal from the IRR in November 1990. Mr. Baird claims that he is entitled to four years of back

pay and credit because the Coast Guard did not follow proper procedures in transferring him to the ISL at that time.

Mr. Baird initially raised this complaint to the Board in 1996. The Board found, and this court confirmed, that Mr. Baird's transfer had been proper. Nevertheless, Mr. Baird now reasserts this claim in light of his discovery of Article 14-I of the Reserve Training and Administration Manual (RATMAN), which outlines the procedures for transferring officers to the inactive status list.

The Board, and subsequently the Court of Federal Claims, declined to consider the merits of Mr. Baird's Article 14-I argument, noting that he had failed to allege RATMAN violations in previous proceedings. The Board's decision was correct. The Board's standard for reconsideration motions, set forth in 33 C.F.R. § 52.67(1)-(2) requires reconsideration if:

> (1) An applicant presents evidence or information that was not previously considered by the Board and that could result in a determination other than that originally made. Such new evidence or information may only be considered if it could not have been presented to the Board prior to its original determination if the applicant had exercised reasonable diligence; or

> (2) An applicant presents evidence or information that the Board, or the Secretary as the case may be, committed legal or factual error in the original determination that could have resulted in a determination other than that originally made.

In its decision, the Board found that the RATMAN was accessible and available for Mr. Baird's review before the 1996 proceedings. In sum, the RATMAN "reasonably could have been discovered through due diligence prior to" the 1996 decision. Final Decision, BCMR No. 2006-130 at 21. Therefore Mr. Baird

waived his Article 14-I argument when he did not raise it in conjunction with the 1996 proceedings. Accordingly, this court affirms.

Mr. Baird also appeals the Court of Federal Claims' determination that he was not entitled to payment for leave accumulated in a previous period of active duty. Under 37 U.S.C. § 501, Coast Guard members are entitled to payment for up to 60 days of leave accrued but not used during active duty. 37 U.S.C. § 501(b)(3). Notably, this limitation does not apply to "a member of a reserve component while serving on active duty in support of a contingency operation." 37 U.S.C. § 501(b)(5)(A).

Mr. Baird admits that he received payment for the 60 days of leave, the statutory maximum. He contends, however, that he is entitled to an exemption from this statutory maximum for leave he accrued both prior to and during a contingency operation. In particular, Mr. Baird claims that he is entitled to compensation for 17 days of leave accrued during a period of "temporary active duty" from June 23, 2001 until September 22, 2001, in addition to compensation for 4 days of leave accrued during a post-9/11 "contingency operation" from September 23, 2001 until December 27, 2001.

The Court of Federal Claims gave Mr. Baird payment for leave accumulated during the contingency operation under 37 U.S.C. § 501(b)(5)(A), but denied payment for leave accrued during temporary active duty. Baird, 77 Fed.Cl. at 118. This court agrees. Section 501(b)(5)(A) unambiguously limits the exception to the 60 day statutory maximum to leave accrued "while serving on active duty in support of a contingency operation." 37 U.S.C. § 501(b)(5)(A)

(emphasis supplied). This exception allows military personnel to receive payment for leave earned during a contingency operation, but not for leave earned outside of that operation.

Mr. Baird also complains that the Government committed fraud by failing to disclose to this court in 2000, that Mr. Baird had been discharged with a less than honorable discharge in 1992. Mr. Baird does not offer any evidence that he actually was discharged. Rather, he relies on a keystroke entry in the Coast Guard's personnel system indicating that he was discharged from the Coast Guard in May 1992. However, in its 2000 decision, this court ruled that such a keystroke entry, on its own, was not enough to prove separation from the Coast Guard. Baird v. United States, 243 F.3d 558 (Table), 2000 WL 1229000, at *2 (Fed. Cir. Aug. 28, 2000). The court stated, "While certain keystrokes indicating a separation may have been entered into the computer system, there is no evidence that [Plaintiff] was ever actually discharged from the Reserve." Id.

This court will not disturb that holding. Indeed, as the Board observed, the evidence suggests that Mr. Baird was not discharged in 1992. BCMR No. 2006-130 at 20. The administrative record indicates that Mr. Baird was transferred from the ISL to the IRR in 1994. If Mr. Baird had been discharged, such a transfer could not have taken place; rather, the Coast Guard would have had to recommission Mr. Baird. Accordingly, this court affirms the Board's decision.

Mr. Baird also contends that the computer codes indicating that he has been less than honorably discharged continue to remain in the Coast Guard's pay system and continue to hamper his efforts to obtain employment and

benefits.  Mr. Baird did not raise this issue with the Board, however, and therefore it is not properly before this court on appeal.  See Baird, 77 Fed. Cl. at 119.  Accordingly, the Court of Federal Claims' decision on this issue is also affirmed.

In his final allegation, Mr. Baird asserts that the Coast Guard's efforts to collect a debt that was later absolved injured his credit rating and caused him a loss of credit in violation of the Federal Fair Credit Reporting Act (FCRA).  Mr. Baird did not state such an allegation in his original Complaint, however; nor did he ever add one to his Complaint via amendment.  As such, that cause of action is untimely and not properly before this court.  See Casa de Cambio Comdiv. S.A., de. C.V. v. United States, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that a claim not raised in the complaint was waived).

AFFIRMED.