**Albert L. WILLIS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 10–488C.**

United States Court of Federal Claims.

Feb. 9, 2011.

Albert L. Willis and Pauline Willis, Baton Rouge, Louisiana, pro se.

Michael D. Snyder, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., and Charles B. Barksdale, of Counsel, Federal Emergency Management Agency, Washington, D.C., for Defendant.

## ORDER

DAMICH, Judge.

Plaintiffs Albert L. Willis and Pauline Willis filed a complaint *pro se* requesting damages arising from Mr. Willis's dismissal from employment with a federal agency. Defendant United States ("the Government") now moves the Court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss this action for lack of subject matter jurisdiction as Plaintiffs do not have a claim that falls within the jurisdiction of this Court.

For the reasons set forth below, the Court hereby denies the Government's motion to dismiss and orders the transfer of this case to the United States District Court for the Middle District of Louisiana.

## I. Background

From 2005 to 2009, Plaintiff Albert L. Willis worked in a number of positions in support of the Hurricane Katrina disaster relief efforts of the United States Department of Homeland Security ("DHS"), Federal Emergency Management Agency ("FEMA"). Compl. ¶¶ 5, 7–13. Mr. Willis held a position as "Cadre of On–Call Response/Recovery Employee" ("CORE") at the Baton Rouge Temporary Recovery Office ("TRO") when he was notified that his position was being

eliminated and that he was therefore being dismissed. *See id.* at ¶¶ 7, 12–13; Def.'s Mot. to Dismiss 2. The Plaintiffs contend that Mr. Willis's dismissal was not conducted in a manner consistent with normal "right-sizing" practices by the agency. Compl. ¶¶ 15–16. According to the Plaintiffs, FEMA managers departed from the standard criteria used in deciding which employees to release and conspired to secure employment for friends and other favorite employees on impermissible grounds. *Id.* at ¶¶ 15–17. As a result of the alleged conspiracy, the Plaintiffs contend that they were deprived of their civil rights.

Specifically, Plaintiffs claim that defendants (1) acted in violation of 42 U.S.C. § 1985 ("Conspiracy to Interfere with Civil Rights") and the Fourteenth Amendment of the Constitution of the United States; and (2) acted in violation of the Constitution of the State of Louisiana and the Louisiana Civil Code "through the Tenth Amendment." *Id.* at ¶¶ 1–3, pp. 13–14. Plaintiffs allege that as a result of defendants' conduct, they were deprived of rights and suffered irreparable injury and monetary damages. *Id.* The Plaintiffs seek a declaration that the alleged practices are unlawful; a finding of physical, emotional, and mental distress suffered because of such practices; and damages of $700,000 plus attorney's fees and expenses. *Id.* at pp. 14–15.

The Plaintiffs filed a complaint *pro se* with this Court on July 28, 2010 and named as defendants the United States, DHS, FEMA, and several employees of the agency. On October 25, 2010, the Government filed, in lieu of an answer, the instant motion to dismiss, pursuant to RCFC 12(b)(1), for lack of subject matter jurisdiction. On November 10, 2010, Plaintiffs filed a response to the Government's motion to dismiss, and on November 29, 2010, the Government filed a reply brief.

---

1. Section 1985 of Title 42 states in relevant part: If two or more persons … conspire … for the purpose of depriving … any person … of the equal protection of the laws, or of equal privileges and immunities under the laws … if one or more persons engaged therein do … any act in furtherance of the object of such con-

## II. Standard of Review

■ A *pro se* plaintiff's complaint, " 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Such leniency, however, does not allow the court to excuse failure to comply with a court's jurisdictional requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir.1995) ("The fact that [plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("leniency with respect to mere formalities should be extended to a *pro se* party … [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only").

■ If the subject matter jurisdiction is found to be lacking, the court must dismiss the action, RCFC 12(h)(3), and "dismissal without prejudice is the proper course," *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985). In ruling on a motion to dismiss, the court must presume that the undisputed factual allegations included in the plaintiff's complaint are true and construe all reasonable inferences in favor of the plaintiff. *Henke*, 60 F.3d at 797. However, the plaintiff has the burden of proving that subject matter jurisdiction does indeed exist. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988).

## III. Discussion

The Plaintiffs assert that the Court of Federal Claims has jurisdiction over their 42 U.S.C. § 1985 claim,[1] which is "the core of the case." Pl.'s Resp. 5. Additionally, the Plaintiffs contend that this Court has juris-

---

spiracy, whereby another is injured in his person or property … the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3).

diction over their other claims as "supplemental or pendant" jurisdiction claims. *See id.* at 2, 7–8. The Court addresses each of these assertions in turn. Additionally, the Court addresses the issue of whether, upon finding lack of jurisdiction, transfer of the Plaintiffs' claims to an appropriate court is warranted.

### A. The Court Lacks Jurisdiction for Plaintiffs' 42 U.S.C. § 1985 Claim

■ The Plaintiffs claim that this Court has jurisdiction for their 42 U.S.C. § 1985 claim pursuant to 28 U.S.C. § 1491 and 28 U.S.C. § 1346(a)(2). Pl.'s Resp. 1, 9.

■ The Tucker Act, 28 U.S.C. § 1491, is the primary statute that confers jurisdiction upon the Court of Federal Claims. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir. 2002). It states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act ... is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore the source of the substantive law must itself create the right to recover money damages. *See id.; Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005).

The Plaintiffs assert that the Court of Federal Claims has jurisdiction for their claim because 42 U.S.C. § 1985 creates a substantive right to recovery of money damages. Pl.'s Resp. 2–3. However, pursuant to 28 U.S.C. § 1343(a), the district courts have original jurisdiction for section 1985 claims:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ...

[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42.

28 U.S.C. § 1343(a). It is well-settled that jurisdiction for civil rights claims, including section 1985 claims, lies exclusively in the district courts; not in the Court of Federal Claims. *Schweitzer v. United States*, 82 Fed. Cl. 592, 595 (2008); *see also, e.g., Marlin v. United States*, 63 Fed.Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.").

■ The Plaintiffs also attempt to base jurisdiction for their section 1985 claim on the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), arguing that this statute grants subject matter jurisdiction to the United States Court of Federal Claims because the claim does not sound in tort and the claim exceeds $10,000. Pl.'s Resp. 1, 3–5. However, Plaintiffs' reading of 28 U.S.C. § 1346(a)(2) is incorrect. The Little Tucker Act grants concurrent jurisdiction to the district courts and the Court of Federal Claims, but only for cases in which the amount claimed against the United States does *not* exceed $10,000. *See id.* Therefore, Plaintiffs' assertion of the Court's jurisdiction under 28 U.S.C. § 1346(a)(2) has no merit.

Thus, this Court lacks subject matter jurisdiction for Plaintiffs' 42 U.S.C. § 1985 claim.

### B. The Court Lacks Jurisdiction for Plaintiffs' "Incidental Claims"

■ Plaintiffs allege additional claims in their complaint based on the Tenth and Fourteenth Amendments of the United States Constitution, as well as claims based on the Constitution of the State of Louisiana Constitution and the Louisiana Civil Code. Compl. ¶¶ 1–3, pp. 13–14. The Plaintiffs also seem to recognize that no independent jurisdiction exists to hear these claims, particularly those claims against named individuals, as the Plaintiffs admit that they filed these

claims out of necessity as "supplemental or pendent jurisdiction" claims with the section 1985 action. *See* Pl.'s Resp. 2, 7–8.

■ This Court, however, would not have jurisdiction over these "incidental" claims even if it had jurisdiction over Plaintiffs' section 1985 claim. First, the Court does not have jurisdiction over claims founded on the Tenth and Fourteenth Amendments because they do not mandate monetary compensation. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (holding that the Court of Federal Claims lacks jurisdiction for claims alleging violation of the Fourteenth Amendment); *Rosano v. United States*, 9 Cl.Ct. 137, 142 (1985), *aff'd*, 800 F.2d 1126 (Fed.Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1350, 94 L.Ed.2d 521 (1987) (stating that only the Takings Clause of the Fifth Amendment mandates payment for violations and that all claims founded on other constitutional amendments are outside the jurisdiction of the Court of Federal Claims).

■ Second, a plain reading of the Tucker Act precludes state claims, *see* 28 U.S.C. § 1491, and the Supreme Court has interpreted 28 U.S.C. § 1491 to exclude state law claims. *See United States v. Mitchell*, 463 U.S. 206, 215–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (interpreting 28 U.S.C. § 1491 as limiting the jurisdiction of the Court of Claims to monetary claims founded upon the U.S. Constitution, federal statutes or regulations, or federal contracts).

■ And finally, with regard to the Plaintiffs' claims against individual defendants, as the Plaintiff clearly concedes, the Court of Federal Claims does not have jurisdiction over these claims. Alleged wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not

have jurisdiction. *See* 28 U.S.C. § 1346(b)(1);[2] *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

Thus, for the reasons stated above, this Court does not have subject matter jurisdiction over Plaintiffs' constitutional and state law claims, and any claims against individual defendants.

## C. Transfer of Plaintiffs' Case to a District Court is Warranted

■ As discussed above, federal district courts have original jurisdiction for claims pursuant to 42 U.S.C. § 1985. Although the Plaintiffs do not move the Court to transfer their case to a district court, they raise the possibility that their case would be time-barred under a statute of limitations if the case is dismissed without prejudice. *See* Pl.'s Resp. 7–8. The Plaintiffs state that they "must file all claims for which they seek relief within one year of the act or omission, or awareness therefore, giving rise to the claims, in a court of competent jurisdiction." *Id.* The Government did not respond to the Plaintiffs' reference to a statute of limitations nor address whether transfer of the Plaintiffs' case to a district court is warranted.[3]

Regardless, the Court, under certain circumstances, is to address *sua sponte* the transfer of a case to an appropriate court of jurisdiction. *See* 28 U.S.C. § 1631; *see also Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005) ("[T]he trial court could have ordered transfer without being asked to do so by either party."). Pursuant to 28 U.S.C. § 1631, when this Court finds lack of jurisdiction, "the Court shall, if

---

2. "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages .... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3. The Government reiterates in its reply that Mr. Willis has filed a claim before the United States Equal Employment Opportunity Commission ("EEOC"), and that "he may continue to pursue that claim in Federal district court if he decides to do so." Def.'s Reply 4; *see* Def.'s Mot. 2 n. 1. The Plaintiffs, however, explain in their response that a claim for damages pursuant to 42 U.S.C. § 1985 is separate and apart from any claims and relief that may be granted under a successful Title VII claim through the EEOC. Pl.'s Resp. 6.

it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." The interest of justice may be served if the statute of limitations in the appropriate court would run if the case is dismissed and the plaintiff must file anew in that court. *See Texas Peanut Farmers*, 409 F.3d at 1374–75 (holding that the Court of Federal Claims should have ordered transfer of the case as "absent transfer, applicable statutes of limitations may bar appellant from adjudicating otherwise legitimate claims").

In this case, the Court does not have subject matter jurisdiction over any causes of action in the Plaintiffs' complaint. The Court finds that caution is warranted to ensure that Plaintiffs are not deprived of their rights. The Plaintiffs filed their complaint on July 28, 2010, within one year of Mr. Willis receiving notification of termination of his employment. The core of the Plaintiffs' case is their 42 U.S.C. § 1985 claim for which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1343(a). Therefore, in the interest of justice, transfer of the Plaintiffs' case to a federal district court is warranted, which has jurisdiction over actions against the United States alleging violation of 42 U.S.C. § 1985.[4] Thus, the Court orders transfer of this case to the United States District Court for the Middle District of Louisiana whose jurisdiction includes the Parish of East Baton Rouge.[5]

## IV. Conclusion

For the reasons set forth above, the Government's motion to dismiss for lack of subject matter jurisdiction is DENIED. The Court ORDERS transfer of this case to the United States District Court for the Middle District of Louisiana.

---

4. Supplemental jurisdiction of other claims in an action before a district court is determined under 28 U.S.C. § 1367.

5. The Plaintiffs state that the actions they have brought forth in their Complaint "occurred within the State of Louisiana and primarily in the Parish of East Baton Rouge." Compl. ¶ 2.