Gerald R. **WHITE**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 11–329C.

United States Court of Federal Claims.

Dec. 8, 2011.

Gerald R. White, Morrow, GA, pro se Plaintiff.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United

States Department of Justice, Washington, DC, for Defendant.

## OPINION

DAMICH, Judge:

On May 23, 2011, pro se Plaintiff Gerald R. White filed a complaint alleging that he is entitled to back pay and other relief because the United States Navy wrongfully discharged him from duty in 1988. In addition to back pay, Plaintiff requests relief from the decision of the Department of Veterans' Affairs ("VA") to deny him health care and veterans disability benefits. He also requests an award of damages for racial discrimination and damages for pain and suffering caused by the military's repeated denial of his appeals of his discharge. Plaintiff argues that this Court has jurisdiction under 28 U.S.C. § 1331 (2006), 42 U.S.C. § 1983 (2006) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2006).

On July 21, 2011, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The Government argues that Plaintiff's claim for back pay is untimely because it was filed nearly 23 years after the claim accrued, which is well outside of the 6 year statute of limitations for such claims. It argues that this Court does not have jurisdiction over veterans benefits claims, because Congress provided for judicial review of veterans claims only by the Court of Appeals for Veterans Claims. The Government asserts that Plaintiff's claims for pain and suffering sound in tort, and this Court does not have jurisdiction over tort claims. Finally, the Government argues that § 1331, § 1983, and Title VII grant jurisdiction only to district courts and not to this Court.

The Court agrees with the Government that Plaintiff's claim for back pay is untimely. It also agrees that it does not have jurisdiction over Plaintiff's other claims. Jurisdiction over appeals of veterans benefits claims is limited to the Court of Appeals for Veterans Claims, and jurisdiction over claims for damages for discrimination is limited to the district courts. Additionally, the Court finds that Plaintiff's claim for damages for pain and suffering sounds in tort, and this Court does not have jurisdiction over tort claims. Because the Court lacks jurisdiction over each of Plaintiff's claims, the Government's motion to dismiss must be granted and Plaintiff's complaint is dismissed.

## I. Background

Plaintiff served in the United States Navy from November 25, 1983 to November 22, 1988. Compl. Ex. 7. At first, Plaintiff's personnel evaluations reflected that his military performance and behavior were excellent to outstanding. Def.'s Ex. 1 at 6; Compl. ¶ 3. However, after Plaintiff began performing his sea duty obligation, on September 4, 1984, onboard the USS Milwaukee, Plaintiff was punished for several disciplinary violations. Compl. ¶ 4. After his second violation, Plaintiff filed a complaint alleging he was subject to racial discrimination onboard the USS Milwaukee. The Navy investigated Plaintiff's complaint and determined that the allegations were not credible. On November 22, 1988, after his third disciplinary violation, Plaintiff was separated from the Navy with an "Other Than Honorable" discharge. See Compl. Ex. 7.

Following his discharge, Plaintiff attempted to have his discharge upgraded to "Honorable." In March 1989, Plaintiff filed a petition with the Naval Discharge Review Board ("NDRB") to have his discharge upgraded. Compl. Att. C at 3. The NDRB completed a full hearing and decided to deny Plaintiff's request. Twenty years later, on April 29, 2009, Plaintiff again attempted to upgrade his discharge by filing a petition with the Board of Correction of Naval Records ("BCNR"). On April 21, 2010, the BCNR denied Plaintiff's request.

Following his discharge, Plaintiff also made multiple attempts to receive veteran's benefits from the VA. Plaintiff filed applications for health care and disability benefits with the VA in 1989 and 1998, both of which were denied. Compl. Att. C at 3–4, 6. Plaintiff appealed the 1998 denial, and after a prolonged series of remands, the Board of Veteran's Appeals ("BVA") ruled in 2008 that he was ineligible to receive veteran's benefits

due to his "Other Than Honorary" discharge. Plaintiff appealed the BVA's decision to the United States Court of Appeals for Veteran's Claims, but withdrew his appeal prior to filing this suit. Compl. Att. C at 18–20.

On May 23, 2011, Plaintiff filed this suit. On July 21, in lieu of an answer, the Government filed a motion to dismiss. Plaintiff filed a response [1] on August 23, 2011, and the Government replied on September 6, 2011. The motion is now ready for decision.

## II. Discussion

### A. Standard of Review

■ A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.1988). When deciding a motion to dismiss pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). Whether a court possesses jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

■ If subject matter jurisdiction is challenged, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *See McNutt v. Gen. Motors. Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds*, 846 F.2d at 747–48. When ruling on a mo-

tion to dismiss for lack of subject matter jurisdiction, a court may consider evidence and resolve factual disputes over the jurisdictional facts. *Reynolds*, 846 F.2d at 747; *see also Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991); *Int'l Mgmt. Servs., Inc. v. United States*, 80 Fed.Cl. 1, 2 n. 2 (2007).

■ When a complaint is filed *pro se*, the Court holds the pleadings of such plaintiffs to "less stringent standards than formal pleadings drafted by lawyers" and liberally construes those pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). The Court, however, cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987).

In briefing the Government's motion to dismiss, both parties filed exhibits, which primarily consist of the history of Plaintiff's discharge from the Navy and documents from his prior military appeals. The Court has considered the exhibits but finds it unnecessary to rely on them because the pleadings and the briefing on the motion to dismiss provide an adequate factual basis for the Court's decision.

### B. Subject Matter Jurisdiction

Plaintiff alleges that he is entitled to monetary damages for the Government's actions.[2] Were the Court to have jurisdiction over his claims, the jurisdictional basis would arise under the Tucker Act, 28 U.S.C. § 1491 (2006).

■ The Tucker Act grants this Court jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliq-

---

1. In his response, Plaintiff asserts that the Government raised the affirmative defense of release. Pl.'s Resp. at 1; *see* RCFC 8(b). The Court finds that the Government has not asserted release as a defense.

2. Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1331. Pl.'s Resp. at 2–3. Section 1331 grants "district courts" jurisdiction over civil actions arising under "the Constitution,

laws, or treaties of the United States." This Court is not a "district court" under § 1331, and therefore § 1331 is not applicable here. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed.Cir.2002) (per curiam); *see also McNeil v. United States*, 78 Fed.Cl. 211, 225 (2007) (finding that this Court is not a district court under 28 U.S.C. § 1346).

uidated damages in cases not sounding in tort." § 1491(a)(1). The Tucker Act is only a jurisdictional statute and does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) ("[T]he [Tucker] Act merely confers jurisdiction upon [this Court] whenever the substantive right exists"). In other words, not every claim involving the United States Constitution or an Act of Congress is cognizable under the Tucker Act. Rather, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law. *Jan's Helicopter Serv., Inc. v. FAA,* 525 F.3d 1299, 1309 (Fed.Cir.2008); *Fisher v. United States,* 402 F.3d 1167, 1173, 1175 (Fed.Cir.2005) (en banc in relevant part).

### C. Plaintiff's Claims for Relief
#### 1. Plaintiff's Claim for Back Pay Is Untimely

Plaintiff alleges that he is entitled to back pay because he was wrongfully discharged from the Navy. A claim for back pay arises under the Military Pay Act, 37 U.S.C. § 204 (2006), and this Court has jurisdiction over such claims pursuant to the Tucker Act. Although this Court has jurisdiction over claims for back pay, such claims are subject to a 6 year statute of limitations. 28 U.S.C. § 2501 (2006).

Plaintiff was discharged from the Navy in 1988, and he filed this suit in 2011. Plaintiff argues that he could not bring suit until he exhausted his administrative remedies. Pl.'s Resp. at 7. He asserts his claim did not accrue until April 2010, when his appeal to the BCNR was denied. Thus, Plaintiff asserts that his claim was timely filed. The Government disagrees, and argues that resort to permissive remedies, such as a military corrections board, does not toll the statute of limitations, and therefore, Plaintiff's claim is time barred.

■ A claim accrues, for purposes of the Tucker Act, "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United*

*States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) (en banc). A military pay claim accrues on "the date on which the service member was denied the pay to which he claims entitlement." *Id.* at 1314. Consequently, an action for back pay under the Military Pay Act accrues at the time of a plaintiff's discharge or separation from active duty. *Id.* at 1310. A plaintiff's use of permissive administrative remedies, such as an appeal to a corrections board, is not a prerequisite to this Court's jurisdiction over military pay claims, and it does not toll the statute of limitations. *Id.; see also Chambers v. United States,* 417 F.3d 1218, 1224 (Fed.Cir.2005) ("Because the Tucker Act does not require exhaustion of administrative remedies, a plaintiff's invocation of . . . a permissive remedy neither prevents the accrual of his cause of action nor tolls the statute of limitations"). Nor does the denial of an appeal to a military board create a second cause of action for back pay; the injury in a back pay case arises when the pay originally is denied and not when a corrections board fails to provide relief. *Martinez,* 333 F.3d at 1313–14.

■ Plaintiff stopped receiving active duty pay when he was discharged from the Navy on November 22, 1988. Consequently, Plaintiff's claim for back pay arose on that date, and his subsequent invocation of administrative procedures did not stop the 6 year statute of limitations from running. Nor did the BCNR's denial of Plaintiff's request to correct his military records create a second cause of action. Plaintiff filed this suit on May 23, 2011, over 22 years after his claim accrued. Accordingly, the Court must find that Plaintiff's claim was filed after the statute of limitations had run and that the Court lacks jurisdiction over the claim for back pay.

#### 2. Plaintiff's Veterans Benefits Claim

Plaintiff also requests the Court to find that the VA wrongfully denied him medical disability benefits, full health care benefits, and other veterans benefits. The Court construes this as a request to review the VA's denial of veterans benefits.

■ It is well established that the Court of Veterans Appeals is the only court that

may hear appeals of veterans benefits claims. *Gardner v. Brown,* 5 F.3d 1456, 1463 (Fed. Cir.1993), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); *see Davis v. United States,* 36 Fed.Cl. 556, 559 (1996). The relevant statute provides that "[t]he Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (2006); *see also* 38 U.S.C. § 511(a) (2006) (stating that in the provision of veterans benefits, "the decision of the Secretary ... shall be final and conclusive and may not be reviewed ... by any court" unless provided for under 38 U.S.C. § 7251 *et seq.*). Therefore, this Court does not have jurisdiction over an appeal of Plaintiff's denial of veterans benefits.

### 3. The Court Does Not Have Jurisdiction Over Plaintiff's Claims for Damages

■ Plaintiff requests money damages under several theories. He requests damages for "pain and suffering caused over years, and prolonged, denied military appeals...." Compl. at 3. Pain and suffering damages are a tort remedy, however, and this Court does not possess jurisdiction over tort claims. § 1491(a)(1); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997).

■ Plaintiff requests damages for blatant racial discrimination, which he asserts that this court has jurisdiction over pursuant to § 1983 and Title VII. Pl.'s Resp. at 2–3, 5–6. It is well-settled that this Court does not have jurisdiction over civil rights actions, including those brought under § 1983 and Title VII. 28 U.S.C. § 1343(a) (2006); *Willis v. United States,* 96 Fed.Cl. 467, 470 (2011); *Schweitzer v. United States,* 82 Fed.Cl. 592, 595 (2008).

Thus, this Court does not have jurisdiction over any Plaintiff's of claims, and the Government's motion to dismiss must be granted.

### III. Conclusion

For the reasons set forth above, the Government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.** The Clerk is directed to dismiss the Plaintiff's complaint.